[Civ. No. 26782.   Second Dist., Div. Three.   Feb. 18, 1964.]

DIANNE CHRISTINE WELCH, a Minor, etc., Plaintiff and Respondent, v. KAYOS DERIAN, Defendant and Appellant.

Watson, Hart, Mieras & Cutler, Edward P. Hart and Henry F. Walker for Defendant and Appellant.

Potter & Creim and Bertram L. Potter for Plaintiff and Respondent.

FILES, J.—Plaintiff, a 4-year-old child, sues for injuries sustained when she fell to the bottom of a stairwell behind the apartment house in which she lived. A trial without a jury resulted in a judgment for plaintiff. Defendant's appeal challenges the sufficiency of the evidence.

Defendant's premises consisted of an apartment building, behind which was a paved service area. Stairs from the service yard led down to a basement door. This stairwell

was protected on two sides by a concrete wall rising about 24 to 30 inches above the level of the yard. There was a pipe railing 20 to 24 inches above the wall. The space between the wall and the railing was open except for the supports at the end and corner of the railing. The premises did not include any playground as such, but the children of the tenants sometimes played in this paved area.

At the time of the accident plaintiff's mother was hanging out clothes. She heard the child scream, and discovered her lying at the bottom of the stairwell. She was on her stomach, with her head against the bottom step. Plaintiff's chin was cut and bleeding. X-rays subsequently disclosed a right subcondylar fracture of the mandible.

Although defendant had owned the property less than two months, it is inferable that he knew its physical characteristics, knew children lived on the premises, and could anticipate that they were likely to do what children usually do while playing outside. It is not disputed that the yard and stairwell were a part of the premises available for the common use of all tenants, so that the condition of that area was the landlord's responsibility. (*Harris* v. *Joffe,* 28 Cal.2d 418, 423 [170 P.2d 454].)

Plaintiff's theory of the cause of the accident is set forth in the complaint as follows:

"That on or about the 30th day of March, 1960, plaintiff was playing in the yard of said premises, and swinging off the top cross bar of said railing; that she slipped and fell into the stairway landing on the concrete steps.

"That defendants were negligent in maintaining an unsafe guard railing over an outside concrete staircase and defendants knew or had reason to know as *a* reasonably prudent persons that the staircase was located in a place frequented by children of tender years and that said children played by swinging on said railing over the staircase.

"That the negligence of the defendants as aforesaid was the proximate cause of the fall of said plaintiff and her consequent loss, damage and injuries."

Plaintiff's pretrial statement, which was adopted as a joint pretrial statement, gives plaintiff's contention thus:

"On or about March 30, 1960, plaintiff was playing in the yard. While swinging on the top cross bar of the railing she slipped and fell into the stairwell. She suffered therefrom an oblique fracture of condylar of right mandible*lar* and other serious and painful injuries and there may be some permanent disability therefrom.

"Defendant owner knew, or had reason to know that the children tenants played in the yard and played on the railing by swinging from it and defendant was negligent in that he should have foreseen that one of the children might be injured during the course of such play and should have provided some guard so that the children could not swing from the railing.

"Defendant's negligent failure to so provide a safeguard was the proximate cause of the fall and injury to plaintiff."

The pretrial conference order incorporates the joint pretrial statement.

The findings of fact are that plaintiff fell into the stairwell, that defendant was negligent in maintaining an unsafe guard railing, and that as a result of defendant's negligence plaintiff was injured.

There is in the record no disclosure of how plaintiff was injured except what can be inferred from the physical shape of the stairwell and the fact that plaintiff was found where she was. It is purely a matter of speculation whether she fell over the side or down the stairs. The nature of the injuries, to the extent disclosed by this record, does not appear to point to one kind of fall any more than the other. No one expressed any opinion as to whether the injury was consistent with one type of fall and not with the other.

Plaintiff points out that the trial court viewed the premises, and argues that what the court saw constitutes substantial evidence supporting the judgment. The difficulty with that argument is that there was nothing for the judge to see which would have helped to determine whether plaintiff fell from the bar, as the complaint alleged, or whether she fell down the steps. There was no issue as to the physical condition of the premises.

It is unnecessary to consider whether the evidence would support a finding that the defendant was negligent in failing to protect the open end of the stairway, because that issue was never tried.

Plaintiff had the burden of proving that the defendant's alleged negligence was the proximate cause of the injury. (*Union Inv. Co.* v. *San Francisco Gas etc. Co.*, 168 Cal. 58 [141 P. 807].) The record here fails to show whether or not the alleged negligence of defendant had anything to do with the accident. It is not enough to show that the accident could have happened that way, when the evidence also shows it was equally probable that the accident

occurred from a cause not related to the alleged negligence. For that reason the judgment must be reversed.

One other point deserves mention. Defendant's answer pleaded as an affirmative defense that the injuries, if any, sustained by plaintiff "were caused solely and proximately by the negligence of her parents in failing to exercise proper care and supervision over said minor child." Plaintiff filed a general demurrer to this defense, which was sustained with leave to amend. Defendant failed to amend. It was error to sustain that demurrer.

The pleading was sufficient to raise the issue of the parents' contributory negligence as a defense against the recovery of medical expenses by the child. Although the negligence of the parents would not bar the child's cause of action as such, it would bar any recovery of the amount expended by the parents for medical expenses for the child's benefit. (*Morningred* v. *Golden State Co.*, 196 Cal.App.2d 130, 139 [16 Cal.Rptr. 219]; *McManus* v. *Arnold Taxi Corp.*, 82 Cal.App. 215, 222 [255 P. 755].)

Plaintiff argues that the answer was defective in that it failed to specify that the defense of contributory negligence was only a partial defense and not a defense to the entire cause of action. No authority has been cited for this position, and we know of no reason for inventing such a rule of pleading. The affirmative defense contained the ultimate facts, and plaintiff's counsel were quite capable of understanding the legal effect of the facts pleaded.

The judgment is reversed.

Shinn, P. J., and Ford, J., concurred.